IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

SHANNON B. WALTERS

    Plaintiff,

vs.      Civil Action No. 7:12CV00011-JCT

HOLIDAY MOTOR CORP., MAZDA
MOTOR CORP., MAZDA MOTOR OF
AMERICA, INC.,
d/b/a MAZDA NORTH AMERICA
OPERATIONS

    Defendants.

## NOTICE OF REMOVAL

MAZDA MOTOR OF AMERICA, INC., d/b/a MAZDA NORTH AMERICAN OPERATIONS ("MNAO"), pursuant to 28 U.S.C. §§ 1441 and 1446, removes this action from the Circuit Court of the City of Roanoke to the United States District Court for the Western District of Virginia, Roanoke Division, on the ground that there is jurisdiction under 28 U.S.C. § 1332(a).[1]  In support of this Notice of Removal, MNAO states as follows:

### Background

1. On November 14, 2011, Plaintiff Shannon Walters filed an action in the Circuit Court of the City of Roanoke entitled *Walters v. Holiday Motor Corp., et al.*, Case No. CL11-1907 ("State Court Action").  The complaint is attached as Exhibit B.  Although it never received proper service of process pursuant to Virginia Code § 8.01-286.1, *et seq.*, O'Hagan Spencer LLP, which has since been retained as MNAO's counsel, obtained a copy of the complaint from the Roanoke Circuit Court.

---

[1] The civil cover sheet is attached as Exhibit A.

2.  This was not the first time Ms. Walters filed this action. On May 22, 2008, she filed a similar action against all the defendants in this case. Ms. Walters' counsel moved for a nonsuit on the sixth trial day on April 25, 2011. The nonsuit order was entered on May 26, 2011. The nonsuit order is attached as Exhibit C. Consequently, before filing this action, Ms. Walters had ample opportunity to take discovery from these defendants regarding the substance of her claims.

3.  In her re-filed action, Ms. Walters seeks damages from injuries sustained in the rollover crash of a 1995 Mazda Miata convertible. (*Compl.*, ¶ 6-11.) She alleges that her injuries were caused "due to the defects in design and manufacture of the passenger compartment" of the vehicle. (*Id.* ¶ 13(a).) Specifically, she claims that the Miata convertible's A-pillar and windshield header, the portion of the vehicle that holds up the windshield, should have prevented her from being injured when the convertible rolled over. (*Id.* ¶ 13(a).) She also claims that the Miata convertible should have had a roll bar. (*Id.* ¶ 13(b).)

<u>Plaintiff's Claims</u>

4.  The Complaint consists of two counts: negligence and breach of express and implied warranty claims against all defendants.

5.  There are three defendants: Holiday Motor Corporation ("Holiday"), Mazda Motor Corporation ("MC") and MNAO. The plaintiff alleges generally that all three defendants "designed, manufactured and placed into the stream of commerce" the "unreasonably dangerous" Miata and that the defendants "distributed" the vehicle to the plaintiff. (*Id.* ¶¶ 12-14.) She does not allege specifically which defendants did which things, although she is well aware of this from her prior action.

6. As Ms. Walters knows, Holiday's sole involvement in this action is that it sold the Miata convertible as a used car to the plaintiff's mother-in-law, Vickie Updike Walters, on June 27, 1998. It did not design, manufacture or test the Miata convertible. A copy of the contract regarding the sale is attached as Exhibit D. That contract contained an "as is" clause by which Ms. Updike Walters waived any liability for breach of warranty Holiday might have owed to the plaintiff. (*Id.*)

7. The Complaint does not allege that Holiday was somehow negligent in its sale of the vehicle, or that the mere act of selling a Miata convertible is a negligent act in Virginia.

## Diversity of Citizenship

8. The plaintiff is a resident of the Commonwealth of Virginia. (*Compl.*, ¶ 1.) Of the three defendants, only one defendant, Holiday, is a Virginia resident. (*Id.* ¶ 2.) MC is a Japanese corporation with its principal place of business in Japan. (*Id.* ¶ 4.) MNAO is a California corporation with its principal place of business in California. (*Id.* ¶ 3.) For the reasons set forth here, Holiday was fraudulently joined to this action and its citizenship should not be considered for diversity jurisdiction purposes. *See generally Linnin v. Michielsens*, 372 F. Supp. 2d 811 (E.D. Va. 2005).

## Grounds for Removal

9. MNAO was never served with the Complaint, nor has the plaintiff attempted service. Thus, consistent with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed. *See Insight Holding Group, LLC v. Sitnasuak Native Corp.*, 685 F. Supp. 2d 582, 585 (E.D. Va. 2010). Furthermore, removal of this action is proper since this notice has been filed within one year of the commencement of the action. 28 U.S.C. § 1446(c).

10. When a fraudulently joined non-diverse defendant is discounted, this action is one in which the court has original jurisdiction pursuant to 28 U.S.C. § 1332, and thus, is one that may be removed to this court pursuant to 28 U.S.C. § 1441. It is a civil action where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the plaintiff and properly-joined defendants are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 827 (E.D. Va. 2005) (presence of a non-diverse defendant cannot defeat diversity when there is "no reasonable basis for predicting any possibility of liability against Defendant Michielsens").

11. In her prayer for relief, the plaintiff demands money damages in the amount of $25,000,000. (*See Compl.*) Indeed, in the prior action, the plaintiff amended her ad damnum from $10,000,000 to $25,000,000 based on her contention that $10,000,000 was not enough money to account for her future needs. *See* Pl's Mot. Amend Ad Damnum, Ex. E. This clearly meets the statutory requirement of 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 exclusive of interest and costs.

12. When a plaintiff names or maintains a non-diverse defendant to defeat diversity jurisdiction in a lawsuit, the defendant may invoke the judicially-created doctrine of "fraudulent joinder" to remove the case to federal court. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999); *see also Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). The doctrine allows the district court to dismiss a non-diverse defendant and assume diversity jurisdiction over the case. *Mayes*, 198 F.3d at 461; *Marshall*, 6 F.3d at 232. The term suggests but does not require a showing of actual fraud. *Mayes*, 198 F.3d at 461.

13. The removing party who claims "fraudulent joinder" must demonstrate either: "[1] that there is no possibility that the plaintiff would be able to establish a cause of action

against the in-state defendant in state court; or [2] that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (*quoting Marshall*, 6 F.3d at 232); *see also Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). The "no possibility" requirement has been interpreted to mean "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 818 (E.D. Va. 2005).

14. In short, in order for the plaintiff to defeat diversity jurisdiction, there must be some reasonable basis for the Court to think that the plaintiff can recover against Holiday. *Id.* The Court may look to the facts as established by summary-judgment-type evidence to determine whether a party has been fraudulently joined. 15 Martin H. Redish, *Moore's Federal Practice - Civil* § 102.21(5) (Lexis 2011).

15. Ms. Walters fails to allege a valid cause of action for negligence. In Virginia, to establish a prima face case for negligence, Ms. Walters must show a legal duty on the part of Holiday, a breach of that duty and a showing that such breach was the proximate cause of the injury resulting in damage to Ms. Walters. *Blue Ridge Serv. Corp. v. Saxon Shoes, Inc.*, 271 Va. 206, 218, 624 S.E.2d 55, 62 (2006) (internal citation omitted). Normally, a plaintiff will set forth facts in the complaint that support the elements of negligence. In fact, the Rules of the Supreme Court of Virginia require a plaintiff to do so. *See Va. Sup. Ct. R.* 1:4(d) ("Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense.") (emphasis added).

16. This pleading standard is required in the federal courts as well. The Federal Rules of Civil Procedure require a plaintiff to give "a short and plain statement of the claim showing the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2). The United States Supreme Court

defined this requirement in detail in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal citation omitted).

17.   As a basis for her claim, the plaintiff alleges that the defendants "designed, manufactured and placed into the stream of commerce" the "unreasonably dangerous" Miata convertible and that the defendants "distributed" the vehicle to Ms. Walters. (*Compl.*, ¶¶ 12-14.) However, with regard to the negligence claim, a review of the complaint shows that Ms. Walters has failed to allege any facts that would show how Holiday owed or breached any duty to her. In other words, like *Iqbal*, the complaint simply gives a conclusion and fails to support it with any facts that would give rise to a claim for negligence.

18.   Simply put, Ms. Walters' actions indicate that she has "no real intention" to recover from Holiday or that there is a "reasonable basis" of recovery. *See AIDS Counseling & Testing Ctrs. V. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); *see also Linnin*, 372 F. Supp. 2d at 818. Indeed, she recites in the Complaint her belief that the case is not removable to this court based on Holiday's inclusion, which suggests that she included Holiday solely for the purpose of attempting to defeat diversity jurisdiction. (*Compl.*, ¶ 2.)

19.   Ms. Walters also cannot maintain a cause of action against Holiday for breach of express and implied warranties. Virginia law recognizes the cause of action for breach of express warranty. However, a seller may exclude an express warranty. *See Va. Code Ann.* § 8.02-316(1).

20.   A plaintiff may also allege breach of an implied warranty of merchantability and of fitness for a particular purpose. However, even though implied warranties may, by operation of law, be read into a contract for the sale of a vehicle, they may also be excluded from contracts.

Virginia Code § 8.2-316 allows the seller to limit his liability against express and implied warranties. *Va. Code Ann.* § 8.2-316. To exclude an implied warranty of merchantability, the language limiting or excluding liability must (1) be "conspicuous" and (2) mention "merchantability." *Va. Code Ann.* § 8.2-316(2). To exclude the implied warranty of fitness for a particular purpose, the language must be in writing and it must be "conspicuous." *Id.* Sellers may limit their liability against implied warranties by using well-known expressions such as "as is." *Va. Code Ann.* § 8.2-316(3)(a).

21.     Here, Ms. Walters' mother-in-law entered into a contract for the sale of a Miata convertible with Holiday. (*See* Ex. D.) The contract entered into by both parties contained an "as is" clause as well as a liability disclaimer. That disclaimer is written in all capital letters and is in bold. It reads, "[t]here are no warranties, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose or otherwise which extend beyond those on the face hereof applicable to the goods, except the manufacturer's expressed warranties, if any, which are its exclusively and not Seller's." *Id.*

22.     It is apparent that any warranty liability that Holiday might otherwise have has been waived via the requirements of Virginia Code § 8.02-316. It specifically states that there are "no warranties, whether express or implied," and it uses the term "merchantability." Furthermore, the disclaimer is written in "conspicuous" terms. As such, the plaintiff cannot show how she has a "reasonable basis" of recovery based on breach of express or implied warranties. Because she has no "real intention" of recovering from Holiday and because she has fraudulently joined it for purposes of defeating diversity, this court should dismiss Holiday from this case.

<u>Venue</u>

23.    Venue is proper in the Roanoke Division of the Western District of Virginia. *See* 28 U.S.C. § 1391(a)(2) and 1441(a); *see also W.D. Va. Loc. R.* 2(a)(7).

### Consent

24.    "In the case of multiple defendants, the judicially imposed 'rule of unanimity' requires all defendants to join in the removal and comply with the procedural requirements for removal set forth in 28 U.S.C. § 1446." *Guyon v. Basso*, 403 F. Supp. 2d 502, 505 (E.D. Va. 2005) (Internal citation omitted). The requirement that all defendants join has three exceptions: (1) the other defendants have not been served with process at the time the removal petition was filed; (2) the other defendants were merely nominal or formal parties defendant; or (3) the removed claim is independent of one or more non-removable claims against the nonjoining defendants." *Id.* at 505 n.8 (*citing Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508 n.4).

25.    This notice of removal has been filed on behalf of MNAO. No other defendants have joined in this removal. However, no other defendants have been served. Therefore, consent is not required to file this notice.

### Process, Pleadings and Orders Served

26.    A true and correct copy of the complaint filed in the State Court Action is attached as Exhibit B. To the best of MNAO's knowledge, this document constitutes all of the process, pleadings and orders as of this date. *See* 28 U.S.C. § 1446.

27.    A true and correct copy of this Notice of Removal will be filed contemporaneously with the Clerk of the City of Roanoke, Virginia, in accordance with 28 U.S.C. § 1446(d), along with a notice of that filing. A copy of these documents will be served on all parties. A copy of the "Notice of Filing of Notice of Removal" is attached as Exhibit F.

28.  No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this notice of removal, and all defenses, affirmative defenses, rights and counterclaims are reserved.

## Conclusion

For the reasons set forth above, Mazda Motor of America, Inc. d/b/a Mazda North American Operations removes this action to the United States District Court for the Western District of Virginia and requests that Holiday be dismissed from this lawsuit for being fraudulently joined.

MAZDA MOTOR OF AMERICA, INC., d/b/a
MAZDA NORTH AMERICA OPERATIONS

By Counsel

/s/ Ken C. Clendenin
_____
Christopher C. Spencer (VSB # 21878)
Direct Dial: (804) 285-5220
Email: cspencer@ohaganspencer.com
Elizabeth K. Shoenfeld (VSB # 65635)
Direct Dial: (804) 285-5223
Email: eshoenfeld@ohaganspencer.com
Ken C. Clendenin (VSB # 78369)
Direct Dial: (804) 285-5227
Email: kclendenin@ohaganspencer.com
O'Hagan Spencer LLP
6806 Paragon Place
Suite 200
Richmond, Virginia 23230
Telephone:  804.285.5200
Facsimile:  804.285.5210

CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served on the following persons by first class mail, postage prepaid, this 12th day of January, 2012.

>Daniel L. Crandall (VSB # 18515)
>Peter A. Katt (VSB # 67914)
>Crandall &Associates
>366 Elm Avenue, S.W.
>Roanoke, Virginia 24016
>Tel:  (540) 342-2000
>Fax:  (540) 345-3527
>
>P. Brent Brown (VSB # 18760)
>William A. Jennings (VSB # 24176)
>Brown & Jennings, PLC
>30 Franklin Road, Suite 700
>Roanoke, Virginia 24011
>Tel:  (540) 444-4010
>Fax:  (540) 444-4011
>
>John E. Lichtenstein (VSB # 27408)
>Gregory L. Lyons (VSB # 24037)
>LichtensteinFishwick, PLC
>P.O. Box 601
>Roanoke, Virginia 24004-0601
>Tel:  (540) 343-9711
>Fax:  (540) 343-9713

>/s/ Ken C. Clendenin
>_____
>Ken C. Clendenin (VSB # 78369)
>Direct Dial: (804) 285-5227
>Email: kclendenin@ohaganspencer.com
>O'Hagan Spencer LLP
>6806 Paragon Place
>Suite 200
>Richmond, Virginia 23230
>Telephone:  804.285.5200
>Facsimile:  804.285.5210