CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 2 1 2012

JULIA C. DUDLEY, CLERK
BY: _____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| SHANNON B. WALTERS, | ) | |
| | ) | Civil Action No. 7:12-cv-00011 |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | <u>Memorandum Opinion</u> |
| | ) | |
| HOLIDAY MOTOR CORP., *et al.,* | ) | |
| | ) | By: James C. Turk |
| *Defendants.* | ) | Senior United States District Judge |

This matter is presently before the Court on Plaintiff Shannon B. Walters' ("Walters") motion to remand (Dkt. No. 8). Defendant Mazda Motor of America, Inc. d/b/a Mazda North America Operations "(MNAO)" opposed the motion, (Dkt. No. 11), and Walters replied, (Dkt. No. 14). The Court heard oral argument on April 29, 2012. Walters then filed a post-hearing memorandum in support of her motion to remand, (Dkt. No. 24), and MNAO responded, (Dkt. No. 26-1). Accordingly, the matter is now ripe for decision. For the following reasons, the Court **GRANTS** Walters' motion and remands the case to the Circuit Court for the City of Roanoke, Virginia.

I.      **Background and Procedural History**

On November 14, 2011, in the Circuit Court for Roanoke City, Walters re-filed a complaint against Holiday Motor Corp., Mazda Motor Corp., and MNAO alleging (1) negligence and (2) breach of express and implied warranty claims arising under Virginia state law.[1] (Dkt. No. 1-2). Walters has alleged damages in the amount of $25 million. (<u>Id.</u>). Defendant Holiday Motor Corp. ("Holiday") is a Virginia corporation, Mazda Motor Corp. is a Japanese corporation, and MNAO is a California corporation. MNAO removed the case to the United

---

[1] The case was previously brought in Roanoke City Circuit Court. After presenting her case to the jury, Plaintiff moved for a nonsuit pursuant to Va. Code § 8.01-380.

States District Court for the Western District of Virginia on January 12, 2012 pursuant to 28 U.S.C. §§ 1441 and 1446 and stated jurisdiction was proper under 28 U.S.C. § 1332.[2] (Dkt. No. 1).  MNAO claims that Walters fraudulently joined Holiday, the only non-diverse defendant in this action, thereby improperly defeating federal subject matter jurisdiction.

The facts of the case concern an automobile accident that occurred on June 3, 2006, in Bedford County, Virginia.  Walters, driving a 1995 Mazda Miata attempted to avoid an object in the road by swerving and as a result her car left the road and overturned.  The injuries Walters sustained in the accident left her paralyzed.  In her Complaint, Walters' alleges that the Miata did not provide "reasonable occupant protection in the event of a rollover accident."  (Compl., ¶ 13(a)).

## II.     Standard of Review

Subject matter jurisdiction in cases not presenting a federal question is proper when no plaintiff resides in the same state as any defendant and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Thus, if any defendant resides in the same state as any plaintiff complete diversity is lacking and federal courts lack the required subject matter jurisdiction. Id. Moreover, if any defendant resides in the same state in which the action is filed, federal courts are without jurisdiction.  28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).  However, a district court may retain jurisdiction over a matter when there is not complete diversity when a plaintiff fraudulently joins a defendant to defeat federal jurisdiction.  Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

Although the term fraudulent joinder connotes malfeasance, the word "fraudulent" is a term of art, and does not require a showing of fraud.  See AIDS Counseling & Testing Ctrs. v.

---

[2] MNAO asserts that it never received proper service of process of the complaint pursuant to Va. Code Ann. § 8.01-286.1 et seq., and that its removal is timely under 28 U.S.C. §§ 1446(b), (c).  Walters' does not contest the timeliness of MNAO's removal.

Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990).  Indeed, to prove fraudulent

joinder the removing party must either show "'outright fraud in the plaintiff's pleading of

jurisdictional facts'" or that "'there is *no possibility* that the plaintiff would be able to establish a

cause of action against the in-state defendant in state court.'"  Hartley v. CSX Transp., Inc., 187

F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th

Cir. 1993)) (emphasis in original).  A defendant alleging fraudulent joinder bears a heavy burden

of persuasion and "must show that the plaintiff cannot establish a claim even after resolving all

issues of law and fact in the plaintiff's favor."  Id.  The inquiry into fraudulent joinder is more

searching and more favorable to the plaintiff than the standard used to evaluate motions to

dismiss under Fed. R. Civ. P. 12(b)(6).  Id.  (citing Batoff v. State Farm Ins. Co., 977 F.2d 848,

852 (3d Cir. 1992)).  If the defendant does not negate *all possibility of recovery*, remand is

appropriate.  Id. at 425.  Under this standard, the plaintiff need only assert "a possibility of a

right to relief" to defeat a fraudulent joinder claim.  Marshall, 6 F.3d at 233.  If a court finds even

a "slight possibility of a right to relief" or a "glimmer of hope" for the plaintiff, the matter should

be remanded because the question of whether a cause of action exists against a non-diverse party

is a state law issue to be decided by a state court.  See Hartley, 187 F.3d at 425–26.  Thus, if

there is any doubt about whether a defendant has been fraudulently joined, a court must remand

the case.  Id. at 425.

     MNAO argues that when determining whether a defendant has been fraudulently joined

the "no possibility" standard articulated in Hartley has been interpreted to mean "that there is no

reasonable basis for the district court to predict that the plaintiff might be able to recover against

an in-state defendant."  Linnin v. Michielsens, 372 F. Supp. 2d 811, 818 (E.D. Va. 2005) (citing

Smallwood v. Ill. Cen. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)).  This Court rejects that

argument because there is no evidence that the Fourth Circuit has retreated from the strict "no possibility" standard in favor of the Fifth Circuit's more permissive "reasonable basis" standard.

Two recent Fourth Circuit cases, decided after <u>Linnin</u>, affirm the Fourth Circuit's adherence to the "no possibility" standard. First, as this Court has previously noted, the Fourth Circuit "emphatically reaffirmed the <u>Hartley</u> 'no possibility' standard ... and repeatedly referenced the standard in its analysis of ... fraudulent joinder claims." <u>Systems2 Commc'ns Inc. v. Comcast Corp.</u>, No. 7:10-cv-00501, 2011 WL 335254, *2 (W.D. Va. Jan. 27, 2011) (citing <u>Boss v. Nissan North America, Inc.</u>, 228 Fed. Appx. 331, 335-36 (4th Cir. 2007) (per curiam)). Second, the Fourth Circuit, addressing the question of when removal was timely, emphasized the need to strictly construe removal statutes because "the removal of cases from state to federal court raises significant federalism concerns." <u>Barbour v. Int'l Union</u>, 640 F.3d 599, 605 (4th Cir. 2011) (en banc). The federalism concerns noted in <u>Barbour</u> are no less important when the question is one of subject matter jurisdiction, rather than one of timeliness. Therefore, <u>Hartley</u>'s "no possibility" standard for removal remains the controlling standard in the Fourth Circuit, and this Court will analyze MNAO's fraudulent joinder claim to determine whether Walters' claim against Holiday has even the slightest possibility of success. The burden is on MNAO to "negate all possibility of recovery." <u>Hartley</u>, 187 F.3d at 425.

## III.    Analysis

The only issue before the Court is whether Walters fraudulently joined Holiday to defeat complete diversity and destroy federal jurisdiction. MNAO asserts that this is precisely what Walters has done. Thus, "after resolving all issues of law and fact in the plaintiff's favor the Court considers," whether MNAO has satisfied its burden to "negate all possibility of recovery," as to Walters claims against Holiday. <u>Hartley</u>, 187 F.3d at 424, 425. The Court finds that

4

MNAO has failed to do so.  In support of its position that Holiday is fraudulently joined, MNAO

argues that (1) Walters cannot prevail on her breach of warranty claims and (2) Walters has

failed to sufficiently plead and cannot prove the negligence claim against Holiday.  Because

there is at least a "mere possibility" that Walters could be entitled to relief from Holiday on

either its breach of warranty or its negligence claim, Holiday is not fraudulently joined, and the

Court must remand the case to state court. Id. at 424.

### A.  Breach of Warranty Claim

MNAO argued in its briefs that Holiday sold the Miata "as-is."  (Dkt. No. 1, ¶¶ 6, 21).

However, at oral argument MNAO admitted that Holiday sold the Miata with an express written

warranty as to the engine, transmission, drive axle, and all internally lubricated parts, as denoted

under the heading "systems covered" on the "Buyers Guide" that appeared in the window of the

Miata at the time of sale (hereinafter referred to as the "window sticker").  Additionally, under

the heading "duration," the window sticker stated "Three months from the effective date or when

the odometer has registered 3,000 miles from that shown on the effective date, whichever comes

first."  On the basis of this express warranty, MNAO now argues that the implied warranty of

merchantability is limited to those systems on the window sticker and / or is limited in duration

by the three month limitation on the window sticker.  And therefore, because none of the systems

listed on the window sticker failed and because the accident occurred more than three months

after the sale of the Miata, MNAO argues Walters' cannot recover under the breach of warranty

claim.

Contrary to MNAO's position, because Holiday provided an express written warranty to

Walters, under the Magnuson Moss Act, Holiday was prohibited from disclaiming or limiting the

duration of the implied warranty of merchantability that arises by operation of Virginia law

pursuant to Va. Code.§ 8.2-314(1).  15 U.S.C. § 2308(a) ("No supplier may disclaim or modify (except as provided in subsection (b) of this section) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product...."); 15 U.S.C. § 2308(b) (requiring limitations to the duration of any implied warranted be written "...in clear and unmistakable language and prominently displayed on the face of the warranty").[3]

MNAO's argument that the implied warranty only arises as to the systems warranted finds no support in either federal or Virginia state law.  In fact, Va. Code § 8.2-314(1) provides "[u]nless excluded or modified (§ 8.2-316), a warranty that the goods shall be merchantable is implied in a contract for the sale if the seller is a merchant with respect to goods of that kind." Thus, under the terms of the statute all that is required for an implied warranty of merchantability to arise is (1) a contract is for the sale of a good and (2) the seller is a merchant of the kind of good being sold.  Both elements are present here: (1) the contract was for the sale of a car and (2) the seller was a used car dealer.  Furthermore, the "warranty that the goods shall be merchantable" applies to the good as a whole and not separately to the individual components of the car.  See generally, Euler v. American Isuzu Motors, Inc., 807 F.Supp.1232, 1237 (W.D. Va. 1992) (applying Virginia law and allowing plaintiff to proceed on breach of implied warranty of merchantability claim as to the car in the context of front end collision where the brakes failed and the roof collapsed).

---

[3] MNAO also appears to argue that the provisions of the Magnusson Moss Act are inapplicable to the sale by Holiday to Walters.  MNAO argues that because the purpose of the provision "is to increase the likelihood that consumers will understand the bargains that they have made" and because Ms. Updike Walters testified during the nonsuited action that she understood she was buying the Miata "as-is" the protection is unnecessary. (Dkt. No. 26-1, at 2).  This Court has never heard of consumer protection statutes being found inapplicable simply because the consumer was aware of what the statute was designed to communicate.

Nor can the Court accept MNAO's argument that the implied warranty was limited in duration to three months because the three month limitation on window sticker does not state "in clear and unmistakable language" that it applied to implied warranties, such as the implied warranty of merchantability.  In fact, where implied warranties are mentioned on the window sticker it states "Under state law, 'implied warranties' may give you even more rights."  Thus, the Court finds that MNAO has not met its burden of proving that there is "no possibility" that Walters may recover on claim for breach of the implied warranty of merchantability.

MNAO also argues that no cause of action can arise under the Magnuson Moss Act because it is barred by Virginia's statute of limitations.  (Dkt. No. 26-1, at 2).  Walters' has not, however, brought a claim under the Magnusson Moss Act.  Her claim is a state law breach of an implied warranty of merchantability.  References to the Magnuson Moss Act are made for the purpose of explaining why Holiday's attempt to disclaim or limit the implied warranty of merchantability was prohibited.  Indeed, 15 U.S.C. § 2308(c) specifically contemplates such a scenario and provides that "[a] disclaimer, modification or limitation made in violation of this section shall be ineffective for purposes of this chapter and *State law*."  (emphasis added).  <u>See also</u> <u>Greene v. General Motors Corp.</u>, 261 F.Supp.2d 414, 418 (W.D.N.C. 2003) (finding state law claim arose where plaintiff's referenced Magnuson Moss warranty standards to determine if a defendant violated state law).

### B.   Negligence Claim

MNAO argues that the Virginia pleading standards are the same as the heightened federal pleading standards established by <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 522 (2007), and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).  This argument fails because federal pleading standards do not control in this case.  <u>See</u> <u>Cordill v. Purdue Pharma., L.P.</u>, No. 1:02-cv-00121,

2002 WL 31474466, at *4 (W.D. Va. 2002) (applying the lenient Virginia pleading standards in a motion to remand based on fraudulent joinder).   Rather, Virginia pleading standards are not as exacting as federal standards.  Twombly and Iqbal hold that bare allegations, unsupported by specific facts, are insufficient to survive a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6).  Id. Virginia pleading requirements, however, do not mandate that state negligence claims be pled with particularity or an otherwise significant factual basis.  See Supreme Court of Virginia Rule 1:4(d). (A complaint is sufficient "if it clearly informs the opposite party of the true nature of the claim or defense.").[4]

In her Complaint, Walters alleged that Holiday owed her a duty of care regarding the design, manufacture, and placement into the stream of commerce to ensure that the vehicle was reasonable safe to operate.  (Compl. ¶ 16).  Walters also alleged that this duty of care was breached by Holiday when it allowed a vehicle that it knew of had reason to know was unreasonably dangerous for its foreseeable use to be placed into the stream of commerce, and that this breach was the proximate cause of her injuries. (Compl.¶¶ 13(d), 17, 18). Thus, under Virginia law, Walters has adequately pled the elements of a negligence claim.  Blue Ridge Serv. Corp. v. Saxon Shoes, Inc., 271 Va. 206, 218 (2006).

Defendant's arguments that the facts from the prior proceeding contradict these allegations and that under Dreisonstok v. Volkswagenwerk, 489 F.2d 1066 (4th Cir. 1974) (applying Virginia law to a negligence claim), the Plaintiff's negligence claim must fail, present a debate whose resolution is beyond the scope of a motion to remand.  To consider MNAO's arguments would require this Court to adjudicate the merits of the case.  This is precisely the kind of searching inquiry prohibited on a motion to remand.  Hartley, 187 F.3d at 425.  Indeed,

---

[4] The Supreme Court rules also note that "[b]revity is enjoined as the outstanding characteristic of good pleading." Supreme Court of Virginia Rule 1:4(j).

8

federal courts must endeavor to "minimize threshold litigation over jurisdiction" because "a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact." Id.  Ultimately, after some discovery, the Circuit Court for Roanoke City may dismiss Holiday from the action, but at this stage of the litigation this Court cannot declare that Walters has no "glimmer of hope" of obtaining a judgment against Holiday.

**IV.     Conclusion**

       To find that Walters fraudulently joined Holiday MNAO must demonstrate that Walters has no possibility of succeeding against Holiday. See Hartley, 187 F.3d at 424.  At this stage in the case, the Court cannot find that Walters has no "glimmer of hope" of succeeding against Holiday because it is possible the Circuit Court for Roanoke City could find liability under the implied warranty or merchantability or under the negligence claim.  Because Holiday was not fraudulently joined to avoid federal jurisdiction, complete diversity is lacking in this case, and this Court does not have subject matter jurisdiction.  Accordingly, Walters' motion to remand (Dkt. No. 8) is **GRANTED**.


       **ENTER:** This 21 th of May, 2012


                                           _James C. Turk_____
                                           Senior United States District Judge